UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SETH BAKER, JESSE BERNSTEIN, MATTHEW DANZIG, JAMES JARRETT, NATHAN MARLOW, and MARK RISK, individually and on behalf of all others similarly situated,<br><br>                     Plaintiffs,<br><br>    v.<br><br>MICROSOFT CORPORATION, a Washington Corporation,<br><br>                  Defendants. | **Case No. 2:11-cv-00722-RSM**<br><br>**AMENDED COMPLAINT — CLASS ACTION FOR:**<br><br>1. **BREACH OF EXPRESS WARRANTY;**<br>2. **BREACH OF IMPLIED WARRANTY;**<br>3. **VIOLATION OF THE MAGNUSON-MOSS WARRANTY – FEDERAL TRADE COMMISSION IMPROVEMENT ACT, 15 U.S.C. § 2301(3);**<br>4. **VIOLATION OF CONSUMER PROTECTION LAWS;**<br>5. **NEGLIGENCE; AND**<br>6. **STRICT LIABILITY**<br><br>**JURY TRIAL DEMANDED** |

## SUMMARY OF CLAIMS

1.    This is a class action against Microsoft Corporation for Breach of Express Warranty, Breach of Implied Warranty, Violation of the Magnuson-Moss Warranty—Federal Trade Commission Improvement Act, 15 U.S.C. § 2301(3), violation of the consumer protection laws of the States of California, Illinois, Michigan, New York and Washington, Strict Liability, and, alternatively, Negligence.  Plaintiffs bring this action on behalf of themselves and all other persons who own Microsoft Xbox 360 gaming consoles or had Xbox game discs damaged by their

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Microsoft Xbox 360 gaming consoles.  The Xbox 360 plays game discs in an Optical Disc Drive ("ODD") similar to those found in home DVD players and in desktop and notebook personal computers.  The Xbox 360 gaming console (variously, the "Xbox 360") is defectively designed because when an Xbox 360 is tilted or swiveled—even slightly—while a game disc is in the ODD, ODD components can contact the game disc, creating a distinctive circular "gouge" on the underside of the disc, rendering it permanently unplayable.

2.      A prior proposed class action against Microsoft based on this defect in the Xbox 360 was denied certification based on the decision in *Gable v. Land Rover N. Am., Inc.*, No. CV07-0376, 2008 WL 4441960 (C.D. Cal. Sept. 29, 2008).  The decision in *Gable* was reversed on appeal.  *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168 (9th Cir. 2010).  Relying in part on the Ninth Circuit's decision, Plaintiffs now bring the present proposed class action.

## THE PARTIES

3.      Plaintiff Seth Baker is an individual resident of Illinois.  Plaintiff Baker is the original purchaser and current owner of an Xbox 360 gaming console.  Plaintiff Baker brings this action individually and as a class action under rule 23 of the Federal Rules of Civil Procedure on behalf of the Class and Subclasses specified below.

4.      Plaintiff Jesse Bernstein is an individual resident of New York.  Plaintiff Bernstein is the original purchaser and current owner of an Xbox 360 gaming console.  Plaintiff Bernstein brings this action individually and as a class action under rule 23 of the Federal Rules of Civil Procedure on behalf of the Class and Subclasses specified below.

5.      Plaintiff Matthew Danzig is an individual resident of California.  Plaintiff Danzig is the original purchaser and current owner of an Xbox 360 gaming console.  Plaintiff Danzig brings

AMENDED CLASS ACTION COMPLAINT
(Case No. 11-00722-RSM) - Page - 2

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

this action individually and as a class action under rule 23 of the Federal Rules of Civil Procedure on behalf of the Class and Subclasses specified below.

6. Plaintiff James Jarrett is an individual resident of California. Plaintiff Jarrett is the original purchaser of two Xbox 360 gaming consoles and the current owner of one. Plaintiff Jarrett brings this action individually and as a class action under rule 23 of the Federal Rules of Civil Procedure on behalf of the Class and Subclasses specified below.

7. Plaintiff Nathan Marlow is an individual resident of Washington. Plaintiff Marlow is the original purchaser and current owner of an Xbox 360 gaming console. Plaintiff Marlow brings this action individually and as a class action under rule 23 of the Federal Rules of Civil Procedure on behalf of the Class and Subclasses specified below.

8. Plaintiff Mark Risk is an individual resident of Michigan. Plaintiff Risk is the original purchaser and current owner of an Xbox 360 gaming console. Plaintiff Risk brings this action individually and as a class action under rule 23 of the Federal Rules of Civil Procedure on behalf of the Class and Subclasses specified below.

9. Defendant Microsoft is a corporation organized under the laws of the State of Washington, with its principal place of business at One Microsoft Way, Redmond, WA 98052-6399. Microsoft is the manufacturer of the Xbox 360 gaming console and also provides support for the Xbox 360 through the http://www.xbox.com website. Purchasers of the Xbox 360 presumptively include citizens of every state in the United States.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2) in that it is a class action filed under rule 23 of the Federal Rules of Civil Procedure, the matter in controversy, as aggregated pursuant to 28 U.S.C. § 1332(d)(6), exceeds the sum of

AMENDED CLASS ACTION COMPLAINT
(Case No. 11-00722-RSM) - Page - 3

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

$5,000,000 exclusive of interest and costs, and a substantial number of members of the class of plaintiffs are citizens of a state different from Microsoft.

11.     Venue is proper in the Western District of Washington pursuant to 28 U.S.C. § 1391(a) and (c), in that Microsoft is a Washington corporation with its principal place of business in the Western District of Washington, and Microsoft is subject to personal jurisdiction in the State of Washington.

### CLASS ACTION ALLEGATIONS

12.     Plaintiffs bring this action as a class action pursuant to Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3) on behalf of the following Class and Subclasses:[1]

a.  **Nationwide Console Class** on behalf of all persons in the United States who own Microsoft Xbox 360 gaming consoles;

b.  **Nationwide Damaged Disc Subclass** on behalf of all persons in the United States who had game discs damaged by their Microsoft Xbox 360 gaming consoles;

c.  **State Subclasses as further described below:**

  i.   **The California State Subclass** on behalf of all persons in California who had game discs damaged by their Microsoft Xbox 360 gaming consoles;

  ii.  **The Illinois State Subclass** on behalf of all persons in Illinois who had game discs damaged by their Microsoft Xbox 360 gaming consoles;

  iii. **The Michigan State Subclass** on behalf of all persons in Michigan who had game discs damaged by their Microsoft Xbox 360 gaming consoles;

---

[1] For purposes of these class definitions, "persons . . . who had game discs damaged by their Microsoft Xbox 360 gaming consoles" refers only to those persons whose discs have suffered the distinctive circular scratch caused by the game disc coming in contact with internal components in the ODD of the Xbox 360—damage that causes the game discs' normal functions and operations to be impaired.

AMENDED CLASS ACTION COMPLAINT
(Case No. 11-00722-RSM) - Page - 4

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

iv. **The New York State Subclass** on behalf of all persons in New York who had game discs damaged by their Microsoft Xbox 360 gaming consoles;

13.    Plaintiffs reserve the right to amend class and subclass definitions as litigation proceeds.

14.    Excluded from the Proposed Class and Subclasses are officers and directors of Microsoft, members of their immediate families, and each of their legal representatives, heirs, successors or assigns, and any entity in which Microsoft has or has had a controlling interest.

15.    This action is properly maintainable as a class action because:

a.    The members of the Class and Subclasses for whose benefit this action is brought are dispersed throughout the United States and are so numerous that joinder of all Class and Subclass members is impracticable.  While the exact number of Class and Subclass members is unknown to Plaintiffs at this time and can only be ascertained through appropriate discovery, Plaintiffs believe that Class members number in the millions, and that members of each Subclass number in at least the tens of thousands.  Members of the Class and Subclasses may be identified from records maintained by Microsoft and may be notified of the pendency of this action by mail, using a form of notice similar to that customarily used in class actions;

b.    Plaintiffs share a community of interest with all members of the Class and Subclasses in that:

i.    Plaintiffs' claims are typical of those of the Class and Subclasses as all members of the Class and Subclasses are similarly affected by Microsoft's actionable conduct as alleged herein; and

AMENDED CLASS ACTION COMPLAINT
(Case No. 11-00722-RSM) - Page - 5

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

ii.     Plaintiffs will fairly and adequately protect the interests of the Class and Subclasses and Plaintiffs have retained counsel competent and experienced in class action litigation in the U.S. District Courts. Plaintiffs have no interests antagonistic to, or in conflict with, the Class and Subclasses that Plaintiffs seek to represent;

c.     A class action is superior to other available methods for the fair and efficient adjudication of the claims asserted herein.  Because the damages suffered by individual members of the Class and Subclasses may be relatively small, the expense and burden of individual litigation make it virtually impossible for Class and Subclass members to redress the wrongs done to them.  The likelihood of individual Class and Subclass members prosecuting separate claims is remote;

d.     Microsoft has acted or refused to act on grounds generally applicable to the Class and Subclasses, thereby making appropriate final injunctive relief with respect to the Class and Subclasses as a whole;

e.     Plaintiffs anticipate no difficulties in the management of this action as a class action; and

f.     The questions of law and fact common to the members of the Class and Subclasses predominate over any questions affecting individual members of the Class and Subclasses.  Among the questions of law and fact common to the Class and Subclasses are:

i.     The pervasiveness, propensity and/or likelihood of Xbox 360s damaging game discs and the circumstances in which Xbox 360s damage game discs;

AMENDED CLASS ACTION COMPLAINT
(Case No. 11-00722-RSM) - Page - 6

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

ii.  The existence of any express warranties made by Microsoft concerning the Xbox 360;

iii.  The application of any such express warranties to the claims asserted in this action;

iv  Whether Microsoft has breached any of its express warranties, as alleged herein;

v.  The existence of any implied warranties made by Microsoft concerning the Xbox 360;

vi.  The application of any such implied warranties to the claims asserted in this action;

vii.  Whether Microsoft has breached any of its implied warranties, as alleged herein;

viii.  The application of the Magnuson-Moss Warranty—Federal Trade Commission Improvement Act, 15 U.S.C. § 2301(3), to the claims asserted in this action;

ix.  Whether Microsoft has breached the Magnuson-Moss Warranty—Federal Trade Commission Improvement Act, as alleged herein;

x.  The application of the consumer protection laws of California, Illinois, Michigan, New York and Washington to the claims of the pertinent Subclasses alleged in this action;

xi.  Whether Microsoft has taken adequate measures to prevent damage to game discs placed in Xbox 360s;

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

xii.  Whether Microsoft has taken adequate measures to compensate Class and Subclass members who have had game discs damaged by their Xbox 360s;

xiii.  Whether Microsoft breached any of the consumer protection laws of California, Illinois, Michigan, New York and Washington;

xiv.  Whether Microsoft's marketing and sales of Xbox 360s which it knows can damage game discs during anticipated normal use is an "unfair or deceptive act or practice" under the consumer protection laws of California, Illinois, Michigan, New York and Washington, as asserted herein;

xv.  Whether Microsoft is strictly liable to the Nationwide Class and Subclass, as alleged herein;

xvi.  If no express or implied covenants exist between Microsoft and the Class and Subclasses, whether Microsoft was negligent in selling Xbox 360s which can damage game discs, CDs and DVDs; and

xvii.  To what extent the members of the Class and Subclasses have sustained injury and the proper measure of compensation.

## SUBSTANTIVE ALLEGATIONS COMMON TO ALL COUNTS

*The Xbox 360*

16.  The Xbox 360 is Microsoft's latest video game console and was the first of the most advanced generation of game consoles.  The Xbox 360 competes with Sony's PlayStation 3 and Nintendo's Wii.  There are now six different configurations of the Xbox 360 that have been sold to the public—the Xbox 360 S, the Xbox 360 Premium 60GB, the Xbox 360 Arcade, the

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Xbox 360 Elite, the Xbox 360 Pro/Premium 20GB and the Xbox 360 Core System.   The suggested retail price for the Xbox 360 has ranged from $479.99 for the Elite to $149 for the Arcade.  On information and belief, more than 50 million Xbox 360s have been sold worldwide.

17.    All Xbox 360s include a built-in ODD which is used to play game discs licensed by Microsoft for the Xbox 360 and select backward-compatible games made for the original Xbox system.

18.    Games for the Xbox 360 retail at various prices between $29.99 and $59.99 with almost all new titles being initially priced at $59.99.  Although all games for the Xbox 360 are licensed by Microsoft, the games are published by many different companies in addition to Microsoft itself.  On information and belief, Microsoft itself is not the largest single publisher of Xbox games.

19.    In addition to games, the Xbox 360's ODD can also play a range of optical media such as audio CDs and DVDs.

20.    Xbox 360s are intended for use in the home and are depicted in Microsoft sales literature as sitting on the floor near a television or resting on an ordinary shelf within a bookcase or home entertainment center.

21.    Microsoft's television commercials often depict users engaging in spirited movements as they enthusiastically play games which simulate, among other activities, athletic competition (e.g., "2010 FIFA World Cup South Africa"), infantry warfare (e.g., "Call of Duty") or live rock music performance (e.g., "Guitar Hero").

22.    Microsoft has recently launched the "Kinect," a peripheral device for the Xbox 360 which tracks body movements and allows users to control games though their own movements in space.  Microsoft's campaign for the Kinect advises users to "Simply jump in."

AMENDED CLASS ACTION COMPLAINT
(Case No. 11-00722-RSM) - Page - 9

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

23. Since the introduction of the Xbox 360, Microsoft has received multiple complaints that the Xbox 360 scratches game discs. These scratches can prevent the discs from functioning properly and, in many cases, the Xbox 360 scratches the discs so severely as to render them unusable. The scratch in question is a distinctive circular scratch which prevents data on the disc from being read by the ODD.

24. The scratches in question are caused by small movements of the Xbox 360 which cause rotating game discs to become decoupled from the ODD spindle and then crash into internal ODD components.

25. Because CD and DVD media supported by ODDs are robust, ODDs are found in numerous consumer products where they are routinely subjected to high levels of tilt, swivel, and vibration. For example, ODDs are found in automobile CD and DVD players, notebook computers, portable DVD players, and digital video camera/recorders ("camcorders"). Sony introduced a portable CD player called the "Discman" in 1984, which was designed to play CDs while users walked, ran, or bicycled. Portable CD players of this type are still sold and commonly used today.

26. Although these consumer-operated CDs and DVDs are routinely subjected to tilting and movement while operating, none of the media played in these consumer products have experienced widespread disc scratching problems. Industry engineers have long anticipated this problem and have learned to provide simple, inexpensive and obvious measures to protect optical discs in consumer applications while the ODD is in use and the disc is spinning. As a result, there is a reasonable consumer expectation that consumer products with ODDs will not cause media discs to be scratched even when the products are tilted, vibrated, or slightly rotated in the course of expected everyday use.

AMENDED CLASS ACTION COMPLAINT
(Case No. 11-00722-RSM) - Page - 10

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

27.     The ODD in the Xbox 360, however, is unable to withstand even the smallest of movements, including the minute unintentional movements to which it is reasonably expected all consumer devices will be subjected when placed in an ordinary household environment due to vibrations or other sources of indirect force being applied to the Xbox 360.

28.     The printed user instruction materials packaged with the Xbox 360 do not indicate anywhere that the Xbox 360 can scratch discs due to even the smallest of movements, including the minute unintentional movements to which it is reasonably expected all consumer devices will be subjected when placed in an ordinary household environment due to vibrations or other sources of indirect force being applied to the Xbox 360.

29.     The printed user instruction materials packaged with the Xbox 360 do not caution users to place their consoles on any special type of platform designed to isolate the console from vibrations or other sources of indirect force during normal use.

30.     Despite the complaints it has received from consumers about the circular scratches to game discs, Microsoft has publicly denied the problem and has claimed that the game discs were being damaged due to deliberate movement of the Xbox 360 while the discs were being played.

31.     Microsoft has refused to recall the Xbox 360 to repair the problem with the ODD and, with limited exceptions, has refused to provide compensation to Class and Subclass members whose game discs were damaged by the Xbox 360 ODD.

32.     The design of the Xbox 360 ODD was developed in the State of Washington, and it was from or in the State of Washington that Microsoft has made decisions, received complaints, and issued communications about the Xbox 360 and the Xbox 360's ODD design.

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

*The Disc Replacement Program*

33.     On or about April 2007, Microsoft began a limited disc replacement program (the "disc replacement program") wherein it offered to replace damaged game discs.  The disc replacement program is, however, limited to "games where Microsoft is the publisher." According to Microsoft's xbox.com website, as of April 7, 2011, only the following games were available for disc replacement.

* Alan Wake

* Banjo Kazooie: Nuts & Bolts

* Crackdown 2

* Dance Central

* Fable II

* Fable III

* Forza Motorsport 2

* Forza Motorsport 3

* Gears of War

* Gears of War 2

* Halo 2

* Halo 3

* Halo 3: ODST

* Halo: Reach

* Halo Wars

* Kinectimals

* Kinect Adventures!

AMENDED CLASS ACTION COMPLAINT
(Case No. 11-00722-RSM) - Page - 12

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

* Kinect Joy Ride

* Kinect Sports

* Lost Odyssey

* Ninja Gaiden 2

* Project Gotham Racing 4

* Scene It? Box Office Smash

* Viva Piñata

* Viva Piñata: Trouble In Paradise

* Xbox 360 triple pack

34.     The disc replacement program does not provide for replacement without charge for damaged discs; rather, Microsoft charges $20.00 to U.S. customers for disc replacement and the replacement consists of "the game disc only, without case or game documents."

35.     Since the cost to press and ship a replacement game disc is significantly less than a dollar, Microsoft is deriving a profit of $19.00 or more on each disc it replaces under its disc replacement program.

36.     The disc replacement program provides no relief to those users of Xbox 360s whose games discs were damaged by the Xbox 360 but are not available for disc replacement.

37.     The disc replacement program was conceived, begun and implemented from Microsoft headquarters in the State of Washington.

*The Plaintiffs*

Plaintiff Baker

38.     In or about November 2007, plaintiff Baker purchased an Xbox 360 from Amazon.com and the console was then delivered to his residence.

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

39.     In or about November 2009, plaintiff Baker purchased an Xbox 360 game titled "Call of Duty: Modern Warfare 2."  The game was then scratched by the Xbox 360, through no fault of Baker's own, at Baker's residence in Illinois.  The scratches on plaintiff Baker's game disc caused his Xbox 360 to freeze and prevent individual profiles from being saved when using the game disc.  The scratches also rendered his game disc useless and permanently unplayable.

Plaintiff Bernstein

40.     Within the past two years, Plaintiff Bernstein purchased an Xbox 360 within the state of New York.

41.     Subsequent to that purchase, plaintiff Bernstein purchased an Xbox 360 game titled "Tom Clancy's Rainbow Six: Vegas."  The game was then scratched by the Xbox 360 in Bernstein's residence in New York through no fault of Bernstein's own.  The scratches on plaintiff Bernstein's game disc caused his Xbox 360 to freeze and prevent individual profiles from being saved when using the game disc.  The scratches also rendered his game disc useless and permanently unplayable.

Plaintff Danzig

42.     In or about November 2006, plaintiff Danzig purchased an Xbox 360 from a Micro Center store within the state of California.

43.     Between November 2006 and May 2008, plaintiff Danzig purchased various Xbox 360 games, including "Grand Theft Auto IV," "Madden NFL 07," "Madden NFL 08," and "Gears of War."

44.     Each of these four games was then scratched by the Xbox 360 in Danzig's residence in California through no fault of Danzig's own.  The scratches on plaintiff Danzig's game discs caused his Xbox 360 to freeze and prevent individual profiles from being saved when

AMENDED CLASS ACTION COMPLAINT
(Case No. 11-00722-RSM) - Page - 14

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1    using the game discs.  The scratches also rendered his game discs useless and permanently

2    unplayable.

3            Plaintiff Jarrett

4            45.    In or about December 2007, plaintiff Jarrett purchased an Xbox 360 from a retailer

5    in Concord, California.  He and his son were the primary users of this machine.

6            46.    Beginning in the early months of 2008, Jarrett purchased game discs in Cocord,

7    California to play on his machine.

8            47.    Likewise beginning in the early months of 2008, at least three of the game discs

9    that Jarrett purchased to play on his Xbox 360 were scratched by this machine in Jarrett's

10   residence in California through no fault of Jarrett's (or his son's) own.  The scratches on these

11   discs caused Jarrett's Xbox 360 to freeze and prevent individual profiles form being saved when

12   using the game disc.  The scratches also rendered the game discs useless and permanently

13   unplayable.

14           48.    In January 2008, Jarrett called Microsoft Tech Support to inform the company of

15   his scratched game disc for "Rock Band I"—one of the games he had purchased—and to seek a

16   replacement disc.  Microsoft told him that there was nothing wrong with his machine and that he

17   should simply return the disc to the store where it was purchased.  Microsoft never replaced the

18   game disc or reimbursed him for its cost.

19           49.    After the Xbox 360 Jarrett had purchased in or about December 2007 had scratched

20   three disks, he decided to purchase another Xbox 360.  Jarrett thought that the scratches that he

21   was suffering were a problem unique to that one machine.  He did not believe the problem would

22   manifest itself again in a new machine.

AMENDED CLASS ACTION COMPLAINT
(Case No. 11-00722-RSM) - Page - 15

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

50.     Thus, at the end of 2009, he purchased another Xbox 360 from Toys "R" Us in Concord, California.

51.     This second machine, however, had the same defects as the first.  From the time of purchase through the autumn of 2010, at least five of the game discs that Jarrett purchased to play on his Xbox 360 were scratched by this machine in Jarrett's residence in California through no fault of Jarrett's (or his son's) own.  The scratches on these discs caused Jarrett's Xbox 360 to freeze and prevent individual profiles form being saved when using the game disc.  The scratches also rendered the game discs useless and permanently unplayable.

Plaintiff Marlow

52.     On or about September 15, 2007, plaintiff Marlow purchased an Xbox 360 from a Game Stop store within the state of Washington.

53.     On or about December 2008, plaintiff Marlow purchased an Xbox 360 game titled "Gears of War 2."  The game was then scratched by the Xbox 360 in Marlow's residence in Washington through no fault of Marlow's own.  The scratches on his game disc caused his Xbox 360 to freeze and prevent individual profiles from being saved when using the game disc.  The scratches also rendered plaintiff Marlow's game disc useless and permanently unplayable.

Plaintiff Risk

54.     In or about November 2010, plaintiff Risk purchased an Xbox 360 from a Sam's Club store within the state of Michigan.

55.     In or about November 2010, plaintiff Risk exchanged his first Xbox 360 with a brand new Xbox 360 at Sam's Club, due to the scratched game disc problem.

56.     In or about November 2010, plaintiff Risk purchased Xbox 360 games including "Fallout: New Vegas" and "Tiger Woods PGA Tour 11."

AMENDED CLASS ACTION COMPLAINT
(Case No. 11-00722-RSM) - Page - 16

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

57.    Both of these games were scratched by the Xbox 360 through no fault of Risk's own.  The scratches on plaintiff Risk's game discs caused his Xbox 360 to freeze and prevent individual profiles from being saved when using the game discs.  The scratches also rendered his game discs useless and permanently unplayable.

58.    In or about November 2010, plaintiff Risk contacted Microsoft Tech Support who instructed him to test the Xbox 360 by inserting another game disc in it.  Upon following these instructions, the Xbox 360 rendered that game disc unreadable through no fault of Risk's own.  In or about November 2010, plaintiff Risk contacted Microsoft Tech Support again.  Once again, Microsoft instructed plaintiff to test his Xbox 360 machine by inserting another disc into it.  As before, the Xbox 360 rendered the new disc unreadable through no fault of Risk's own.

59.    Microsoft Tech Support then told plaintiff Risk about their Disc Replacement Program.  However, they refused to replace his game discs because they were manufactured by third party entities, and not by Microsoft.

60.    Microsoft never replaced plaintiff Risk's damaged game discs or reimbursed him for the cost of those discs.

## FIRST CAUSE OF ACTION

## BREACH OF EXPRESS WARRANTY

### (Asserted on behalf of the Nationwide Console Class)

61.    Plaintiffs re-allege the preceding paragraphs as if set forth here.

62.    Defendants have an Agreement with the Class known as the "Product Warranty: Xbox 360 Video Game and Entertainment System" (the "Express Warranty").  The Express Warranty provides:

AMENDED CLASS ACTION COMPLAINT
(Case No. 11-00722-RSM) - Page - 17

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**One Year Express Warranty on Console.** Subject to the terms and conditions of this Limited Warranty, Microsoft warrants to you only (the original retail purchaser) that, during the Warranty Period and under normal use and service, the Xbox® Console will substantially conform to the printed user instruction materials packaged with the Console.

63.     The Express Warranty further provides: "If you acquired the Xbox Product in the United States, the laws of the State of Washington, U.S.A., will apply to this Limited Warranty."

64.     The Express Warranty seeks to limit Microsoft's liability, disclaim any warranties and limit the Class's remedies.  However, these limitations and disclaimers are unenforceable under Washington law because they are procedurally unconscionable in that the limitations and disclaimers are not specifically negotiated between defendants and each member of the Class.

65.     Further, the limitations and disclaimers contained in the Express Warranty are unenforceable under Washington law as substantively unconscionable in that the limited remedy provided to the Class under the Express Warranty fails of its essential purpose because it deprives the Class of the substantive value of its bargain due to an undiscoverable defect.

66.     Microsoft's conduct in selling and marketing Xbox 360s with ODDs that damage game discs under normal use and Microsoft's failure to repair or replace all Xbox 360s with defective ODDs is a breach of the terms of the Express Warranty as well as Microsoft's obligation of good faith and fair dealing.

67.     As a direct and proximate result of Microsoft's breach of the Express Warranty, plaintiffs and the Class have been damaged in an amount to be determined at trial but in excess of an aggregate amount of $5,000,000.

AMENDED CLASS ACTION COMPLAINT
(Case No. 11-00722-RSM) - Page - 18

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

68.     Plaintiffs and the Class are also entitled to declaratory and injunctive relief requiring Microsoft to repair or replace all Xbox 360 DVD drives which have been damaged or which threaten to damage discs inserted in them.

69.     Affording Microsoft a reasonable opportunity to cure its breach of express warranty would be unnecessary and futile. At the time of sale of the Xbox 360, Microsoft should have known, or was reckless in not knowing of the Xbox 360's defects, but nonetheless failed to rectify the situation and/or disclose the defects.  Under the circumstances, affording Microsoft notice and a reasonable opportunity to cure its breach of warranty is excused and thereby deemed satisfied.

70.     In the alternative, Plaintiffs' prior complaints against Microsoft suffice to give Microsoft notice and an opportunity to cure, however Microsoft has failed to cure the breaches of implied warranty.

71.     In the alternative, Plaintiffs and the Class provided Microsoft with notice of their and the putative Class members' warranty claims by virtue of the letter sent to Microsoft on February 18, 2011, a copy of which is attached hereto as Exhibit A.

<u>**SECOND CAUSE OF ACTION**</u>

<u>**BREACH OF IMPLIED WARRANTY**</u>

**(Asserted on behalf of the Nationwide Console Class)**

72.     Plaintiffs re-allege the preceding paragraphs as if set forth here.

73.     Defendants have an Agreement with the Class known as the "Implied Warranty: Xbox 360 Video Game and Entertainment System" (the "Implied Warranty").  The Implied Warranty provides:

> **Implied Warranty.** You may also have an implied warranty and/or condition under the laws of some jurisdictions, which is hereby limited to the duration of the Warranty Period. Some

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

jurisdictions do not allow limitations on how long an implied warranty or condition lasts, so the foregoing limitation may not apply to you.

74.     The Uniform Commercial Code § 2-314 provides that, unless excluded or modified, a warranty that goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. Microsoft marketed, promoted, manufactured and/or sold the Xbox 360 and placed it into the stream of commerce, and thus privity exists between Plaintiffs and Microsoft.  Microsoft knew or had reason to know of the ordinary use for which the Xbox 360 was purchased, and impliedly warranted that the Xbox 360 was of merchantable quality and fit for such use as other consumer electronic devices. Contrary to these representations, the Xbox 360 is defective in that the Xbox 360's ODD can damage game discs under normal use.

75.     At all times, the states listed below, including the District of Columbia, have codified and adopted the provisions of the Uniform Commercial Code governing the implied warranty of merchantability: Ala. Code § 7-2-314; Alaska Stat. § 45.02.314; Ariz. Rev. Stat. § 47-2314; Ark. Code § 4-2-314; Cal. Com. Code § 2314; Colo. Rev. St § 4-2-314; Conn. Gen. Stat. § 42a-2-314; 6 Del. C. § 2-314; D.C. Code § 28:2-314; Fla. Stat. § 672.314; Ga. Code § 11-2-314; Haw. Rev. Stat. § 490:2-314; Idaho Code § 28-2-314; 810 Ill. Comp. Stat. 5/2-314; Ind. Code § 26-1-2-314; Iowa Code § 554.2314; Kan. Stat. § 84-2-314; Ky. Rev. Stat. § 355.2-314; La. Civ. Code art. § 2520; 11 Me. Rev. Stat. § 2-314; Md. Code § 2-314; Mass. Gen. Laws Ch. 106 § 2-314; Mich. Comp. Laws § 440.2314; Minn. Stat. § 336.2-314; Miss. Code § 75-2-314; Mo. Rev. Stat. § 400.2-314; Mont. Code § 30-2-314; Neb. Rev. Stat. U.C.C. § 2-314; Nev. Rev. Stat. U.C.C § 104.2314; N.H. Rev. § 382-A:2-314; N.J. Stat. § 12A:2-314; N.M. Stat. § 55-2-314; N.Y. U.C.C. Law § 2-314; N.C. Gen. Stat. § 25-2-314; N.D. Stat § 41-02-314; Ohio Rev.

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Code § 1302.27; Okla. Stat. tit. 12A § 2-314; Or. Rev. Stat. § 72.3140; 13 Pa. Stat. § 2314; R.I. Gen. Laws § 6A-2-314; S.C. Code § 36-2-314; S.D. Stat. § 57A-2-314; Tenn. Code § 47-2-314; Tex. Bus. & Com. Code § 2-314; Utah Code § 70A-2-314; Va. Code § 8.2-314; Vt. Stat. 9A § 2-314; W. Va. Code § 46-2-314; Wash. Rev. Code § 62A 2-314; Wis. Stat. § 402.314; and Wyo. Stat. § 34.1-2-314.

76.     As designers, manufacturers, producers, marketers and/or sellers of the Xbox 360, Microsoft is a "merchant" within the meaning of the various states' commercial codes governing the implied warranty of merchantability.

77.     Microsoft designed, manufactured, distributed, marketed and/or sold the Xbox 360 and represented to Plaintiffs and other members of the Nationwide Console Class that it was of merchantable quality and fit for use as a gaming console.

78.     The Xbox 360 is a "good," as defined in the various states' commercial codes governing the implied warranty of merchantability.

79.     As merchants of the Xbox 360, Microsoft knew that purchasers relied upon it to design, manufacture and/or sell Xbox 360s that would not damage game discs during normal use.

80.     Microsoft designed, manufactured and/or sold Xbox 360s to consumers, and they knew that such products would be used by consumers in a home environment where minor shocks and vibrations are routinely administered to consumer products during the course of normal use and are not expected to result in damage to game discs.

81.     At the time that Microsoft designed, manufactured, sold and/or distributed the Xbox 360, Microsoft knew the purpose for which the product was intended and impliedly warranted that the product was of merchantable quality; was free of design defects; and was safe and fit for its ordinary purpose—as a device that played Xbox video game discs.

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

82.     Microsoft breached its implied warranties in connection with the sale of the Xbox 360 to Plaintiffs and the other members of the Nationwide Console Class.  The Xbox 360 was and is not safe and fit for its ordinary purposes which involve playing Xbox video game discs.  It was and is not free of defects, as evidenced by the scratching of game discs during normal use of the Xbox 360.

83.     Affording Microsoft a reasonable opportunity to cure its breaches of warranties would be unnecessary and futile.  At the time of sale of the Xbox 360, Microsoft should have known, or was reckless in not knowing of the Xbox 360's lack of merchantability and unfitness for ordinary use, but nonetheless failed to rectify the situation and/or disclose the defects.  Under the circumstances, affording Microsoft notice and a reasonable opportunity to cure its breach of warranties is excused and thereby deemed satisfied.

84.     In the alternative, certain of Plaintiffs' prior complaints to Microsoft suffice to give Microsoft notice and an opportunity to cure, but Microsoft has failed to cure the breaches of implied warranty.

85.     In the alternative, the Class provided Microsoft with notice of their and the putative Class members' warranty claims by virtue of the letter sent to Microsoft on February 18, 2011, a copy of which is attached hereto as Exhibit A.

86.     As a direct and proximate result of Microsoft's breach of implied warranties, Plaintiffs and other members of the Nationwide Console Class are entitled to damages available under applicable law, including, but not limited to, the purchase price of the Xbox 360 and the replacement of any game discs damaged by the Xbox 360.

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**THIRD CAUSE OF ACTION**

**VIOLATION OF THE MAGNUSON-MOSS WARRANTY-FEDERAL TRADE**

**COMMISSION IMPROVEMENT ACT**

**(15 U.S.C. §§ 2301 *et seq.*)**

**(Asserted on behalf of the Nationwide Console Class)**

87.     Plaintiffs re-allege the preceding paragraphs as if set forth here.

88.     Plaintiffs assert this cause of action on behalf of themselves and all other members of the Nationwide Console Class.

89.     Plaintiffs are "consumers" within the meaning of the Magnuson-Moss Warranty—Federal Trade Commission Improvement Act, 15 U.S.C. § 2301(3) ("Magnuson-Moss Warranty Act").

90.     Microsoft is a "supplier" and "warrantor" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(4)-(5).

91.     The Xbox 360 is a "consumer product" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(1).

92.     As set forth more fully in the Second Cause of Action, Microsoft sold Xbox 360s subject to the implied warranty of merchantability in the jurisdictions listed in the Second Cause of Action, which is an "implied warranty" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(7). Microsoft breached its implied warranty of merchantability by selling Xbox 360s that were defective in that they scratched game discs during normal use and were unsafe for use as video game consoles. The Xbox 360s were not safe and fit for their ordinary purposes which involved the playing of Xbox video game discs. They were not free of defects, as evidenced by the scratching of game discs experienced by thousands of users during normal use.

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

93.     The amount in controversy of Plaintiffs' individual claims meets or exceeds the sum of $25.  The amount in controversy of this action exceeds the sum of $50,000, exclusive of interest and costs, computed on the basis of all claims to be determined in this lawsuit.

94.     Affording Microsoft a reasonable opportunity to cure its breaches of warranties would be unnecessary and futile. At the time of sale of the Xbox 360, Microsoft should have known or was reckless in not knowing of the Xbox 360's lack of merchantability and unfitness for ordinary use, but nonetheless failed to rectify the situation and/or disclose the defects.  Under the circumstances, affording Microsoft notice and a reasonable opportunity to cure its breach of warranties is excused and thereby deemed satisfied.

95.     In the alternative, certain of Plaintiffs' prior complaints to Microsoft suffice to give Microsoft notice and an opportunity to cure, however Microsoft has failed to cure the breaches of implied warranty.

96.     In the alternative, the Class provided Microsoft with notice of their and the putative Class members' warranty claims by virtue of a letter sent to Microsoft on February 18, 2011, a copy of which is attached hereto as Exhibit A.

97.     As a direct and proximate result of Microsoft's breach of implied warranties and consequent violations of the Magnuson-Moss Warranty Act, Plaintiffs and other members of the Nationwide Console Class are entitled to damages available under applicable law, including, but not limited to, the purchase price of the Xbox 360 and replacement of all game discs damaged during normal use.

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW "UCL"

### (Cal. Bus. & Prof. Code §§ 17200 *et seq.*)

### (Asserted on behalf of the California State Subclass)

98.     Plaintiffs re-allege the preceding paragraphs as if fully set forth herein.

99.     Plaintiffs Danzig and Jarrett assert this cause of action on behalf of themselves and other members of the California State Subclass.

100.     California Business and Professions Code § 17200 prohibits any "unfair, deceptive, untrue or misleading advertising." For the reasons set forth above, Microsoft engaged in unfair, deceptive, untrue and misleading advertising in violation of California Business and Professions Code § 17200, in that Defendants' omissions in their representations and advertising were likely to deceive the public as to the safety of the Xbox 360.

101.     Microsoft has engaged in unfair and unlawful business practices in two independent manners: (1) marketing and selling the Xbox 360 with design and/or manufacturing defects that had the capacity to and, in many cases, did actually cause damage to game discs during ordinary and expected use; and (2) omitting to inform consumers of these defects and risks.

102.     Microsoft omitted to inform consumers that the Xbox 360 has a design and/or manufacturing defect and that the defect had the capacity to and, in many cases, did actually cause damage to game discs during ordinary and expected use for the purpose of inducing Plaintiffs Danzig and Jarrett and the other members of the California State Subclass to purchase the Xbox 360.

AMENDED CLASS ACTION COMPLAINT
(Case No. 11-00722-RSM) - Page - 25

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

103.     The facts omitted by Microsoft to Plaintiffs Danzig and Jarrett and the other members of the California State Subclass are material facts that a reasonable person would have considered important in deciding whether or not to purchase and/or use the Xbox 360.

104.     Plaintiffs Danzig and Jarrett and the other members of the California State Subclass justifiably acted or relied to their detriment on the undisclosed facts as evidenced by their purchase and/or use of defective Xbox 360s.

105.     Had Plaintiffs Danzig and Jarrett and the other members of the California State Subclass known of the design defect, they would not have purchased and/or used the Xbox 360.

106.     By engaging in the above-described acts and practices, Microsoft has committed one or more acts of unfair competition within the meaning of Business and Professions Code § 17200.

107.     Microsoft's acts and practices have deceived and/or are likely to deceive members of the consuming public and members of the California State Subclass.

108.     Microsoft sold Plaintiff Danzig and Jarrett and the other members of the California State Subclass and other consumers Xbox 360s with defects that have rendered the Xbox 360s unusable for the purpose for which they were sold.

109.     The injury to consumers by this conduct is greatly outweighed by any alleged countervailing benefit to consumers or competition under all of the circumstances. Moreover, because it was Microsoft alone that was in a position to know of the defects, the injury is not one that Plaintiffs Danzig and Jarrett and the other members of the California State Subclass could have reasonably avoided.

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

110.    Microsoft's acts and practices are unfair and unlawful because they violate California Civil Code §§ 1709 and 1710, California Commercial Code § 2313, and the common law.

111.    Plaintiffs Danzig and Jarrett and the other members of the California State Subclass suffered an injury in fact and lost money and property as a direct and proximate result of Microsoft's violations of the foregoing California statutes.

112.    Plaintiffs Danzig and Jarrett and the other members of the California State Subclass have been damaged and are entitled to all of the damages, remedies, fees, and costs available under Business and Professions Code §§ 17200 *et seq.*

113.    Plaintiffs Danzig and/or Jarrett and the other members of the California State Subclass will provide or have already provided any required notice to appropriate entities regarding Microsoft's unfair, unlawful and deceptive trade practices.

### **FIFTH CAUSE OF ACTION**

### **VIOLATION OF THE CALIFORNIA CONSUMERS LEGAL REMEDIES ACT "CLRA"**

### **(Cal. Civ. Code §§ 1750 *et seq.*)**

### **(Asserted on behalf of the California State Subclass)**

114.    Plaintiffs re-allege the preceding paragraphs as if fully set forth herein.

115.    Plaintiffs Danzig and Jarrett assert this cause of action on behalf of themselves and other members of the California State Subclass.

116.    This claim arises under the California Consumer Legal Remedies Act, California Civil Code §§ 1750 *et seq.*

117.    At all relevant times, Jarrett, Danzig and the other members of the California State Subclass were "consumers" as that term is defined in California Civil Code § 1761(d).

AMENDED CLASS ACTION COMPLAINT
(Case No. 11-00722-RSM) - Page - 27

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

118.    At all relevant times Xbox 360s constituted "goods" as that term is defined in California Civil Code § 1761(a).

119.    At all relevant times, Microsoft constituted a "person" as that term is defined in California Civil Code § 1761(c).

120.    The purchase of Xbox 360s by Plaintiffs Danzig and Jarrett and the other members of the California State Subclass constituted  "transactions" as that term is defined in California Civil Code § 1761(e).

121.    At all relevant times, Microsoft provided "services" to Plaintiffs Danzig and Jarrett and the other members of the California State Subclass within the meaning of California Civil Code § 1761(b).

122.    The CLRA provides in relevant part that the

> following methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful: (5) representing that goods . . . have . . . approval, characteristics, uses, benefits . . . which they do not have; . . . (7) Representing that goods . . . are of a particular standard, quality or grade . . . if they are of another.

Cal. Civ. Code § 1770(a)(5), (7).

123.    Microsoft made uniform representations that the Xbox 360 was an advanced gaming console that would perform as represented and was an appropriate player of Xbox game discs.

124.    But Microsoft omitted to inform consumers that the Xbox 360 has a design and/or manufacturing defect and that the design defect had the capacity to and, in many cases, did actually damage game discs during normal and expected use for the purpose of inducing Plaintiffs Danzig and Jarrett and the other members of the California State Subclass to purchase Xbox 360s.

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

125.    It was Microsoft alone that was in a position to know that the Xbox 360s have a defect and that the defect had the capacity to and, in many cases, did actually damage game discs during normal and expected use.  These facts were not known to Plaintiffs Danzig and Jarrett and the other members of the California State Subclass.  Microsoft's exclusive access to these material facts gave rise to a duty to disclose such facts, which it failed to perform.

126.    The facts omitted by Microsoft to Plaintiffs Danzig and Jarrett and the other members of the California State Subclass are material facts that a reasonable person would have considered important in deciding whether or not to purchase Xbox 360.

127.    Plaintiffs Danzig and Jarrett and the other members of the California State Subclass justifiably acted or relied to their detriment on the undisclosed facts as evidenced by their purchase and/or use of the defective Xbox 360.

128.    Had Plaintiffs Danzig and Jarrett and the other members of the California State Subclass known that the Xbox 360 defect had the capacity to and, in many cases, did actually damage game discs during normal and expected use they would not have purchased and/or used the Xbox 360.

129.    As a direct and proximate result of Microsoft's violations of the foregoing laws, Plaintiffs Danzig and Jarrett and the other members of the California State Subclass have been injured.

130.    The California State Subclass has been damaged and is entitled to all of the damages, remedies, fees, and costs available under California Civil Code § 1780.

131.    In accordance with California Civil Code § 1782(a), on February 18, 2011, Plaintiff's counsel served Microsoft with notice of its alleged violations of the CLRA by certified

AMENDED CLASS ACTION COMPLAINT
(Case No. 11-00722-RSM) - Page - 29

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

mail, return receipt requested.   A true and correct copy of that notice is attached hereto as Exhibit A.

132.    On March 23, 2011, Microsoft replied in a letter (attached hereto as Exhibit B), which refused to provide appropriate correction, repair, replacement, or other remedy.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE ILLINOIS CONSUMER FRAUD ACT ("ICFA")

### (815 Ill. Comp. Stat. 505/1 et seq.)

### (Asserted on behalf of the Illinois State Subclass)

133.    Plaintiffs re-allege the preceding paragraphs as if set forth fully herein.

134.    Plaintiff Seth Baker asserts this cause of action on behalf of himself and all other members of the Illinois State Subclass.

135.    The ICFA is codified at 815 Ill. Comp. Stat. 505/1 *et seq.*  The ICFA provides consumers with a comprehensive procedure for redressing the violations of applicable law. Accordingly, the conduct at issue in this case falls within the scope of the ICFA.

136.    Plaintiff Seth Baker and other members of the Illinois State Subclass are "consumers" within the meaning of the ICFA.

137.    Microsoft engaged in trade and/or commerce within the meaning of the ICFA.

138.    The ICFA provides that

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.

815 Ill. Comp. Stat. 505/2.

139.    The ICFA further provides a private right of action to any person "who suffers actual damage as a result of a violation of this Act committed by any other person." 815 Ill. Comp. Stat. 505/10a.

140.    Microsoft has a statutory duty to refrain from unfair acts or practices in the design, development, promotion, sale and/or manufacture of the Xbox 360.

141.    Microsoft omitted to inform consumers that the Xbox 360 has a design and/or manufacturing defect and that the design defect had the capacity to and, in many cases, did actually damage game discs during normal and expected use for the purpose of inducing Plaintiffs Baker and the other members of the Illinois State Subclass to purchase Xbox 360s.

142.    It was Microsoft alone that was in a position to know that the Xbox 360s have defects and that the defects had the capacity to and, in many cases, did actually damage game discs during normal and expected use, facts not known to Plaintiff Baker and the other members of the Illinois State Subclass.  Microsoft's exclusive access to these material facts gave rise to a duty to disclose such facts to Plaintiff Baker and the other members of the Illinois State Subclass, which Microsoft failed to perform.

143.    Further, Microsoft compounded these unfair acts by instituting their limited disc replacement program.  Microsoft offered to replace game discs that its own undisclosed defects had permanently damaged—but only for games that Microsoft itself had published, and only for a $20.00 charge.

144.    Microsoft committed these unfair practices as defined by 815 Ill. Comp. Stat. 505/2, with the intent to induce Plaintiff Baker and the other members of the Illinois State

AMENDED CLASS ACTION COMPLAINT
(Case No. 11-00722-RSM) - Page - 31

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Subclass to rely on those unfair practices in deciding to purchase and use Xbox 360s. Microsoft committed those unfair practices during the course and conduct involving trade and commerce. 815 Ill. Comp. Stat. 505/2.

145.    These practices offend public policy, are unethical, oppressive and unscrupulous, and cause substantial injury to consumers.

146.    The unfair practices were carried out through sales literature, including internet advertising; through replacements or failures to replace damaged disks; and though sales of products bearing the Xbox 360 logo on the internet and at various stores in Illinois.

147.    As a direct and proximate result of Microsoft's unfair practices in violation of the ICFA, Plaintiff Baker and the other members of the Illinois State Subclass have been injured.

148.    Plaintiff Baker and the members of the Illinois State Subclass have been damaged and are entitled to all of the damages, remedies, fees, and costs available under the ICFA.

149.    Plaintiff Baker and/or the other members of the Illinois State Subclass will provide or have already provided any required notice to appropriate entities regarding Microsoft's unfair and deceptive trade practices.

### SEVENTH CAUSE OF ACTION

### VIOLATION OF THE MICHIGAN CONSUMER PROTECTION ACT ("MCPA")

#### (Mich. Comp. Laws §§ 445.901 *et seq.*)

#### (Asserted on behalf of the Michigan State Subclass)

150.    Plaintiffs re-allege the preceding paragraphs as if set forth fully here.

151.    Plaintiff Mark Risk asserts this cause of action on behalf of himself and all other members of the Michigan State Subclass.

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

152.    The Michigan Consumer Protection Act ("MCPA") is codified at Mich. Comp. Laws §§ 445.901 *et seq.*

153.    Plaintiff Risk and the other members of the Michigan State Subclass are "persons" as that term is defined by the MCPA.  Mich. Comp. Laws § 449.102(d).

154.    The MCPA authorizes any "person who suffers loss as a result of a violation of this act [to] bring a class action on behalf of persons residing or injured in this state for the actual damages caused by . . . [a] method, act, or practice in trade or commerce defined as unlawful under" the MCPA.  Mich. Comp. Laws § 445.911.

155.    The MCPA describes "unfair, unconscionable, or deceptive methods, acts, or practices in conduct of trade or commerce" as including:

> (c) Representing that goods or services have . . . characteristics,  uses, [or] benefits . . . that they do not have. . . .  (e) Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another. . . . (n) Causing a probability of confusion or of misunderstanding as to the legal rights, obligations, or remedies of a party to a transaction. . . . (s) Failing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer. . . . (bb) Making a representation of fact or statement of fact material to the transaction such that a person reasonably believes the represented or suggested state of affairs to be other than it actually is.  (cc) Failing to reveal facts that are material to the transaction in light of representations of fact made in a positive manner.

Mich. Comp. Laws § 445.903.

156.    Microsoft committed one or more unfair and deceptive acts and practices as defined by the above-quoted provisions of Mich. Comp. Laws § 445.903, with the intent to induce Plaintiff Risk and the other members of the Michigan State Subclass to rely on those unfair and deceptive acts and practices in deciding to purchase and use Xbox 360s.  Microsoft committed

AMENDED CLASS ACTION COMPLAINT
(Case No. 11-00722-RSM) - Page - 33

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

those unfair and deceptive acts and practices during trade and commerce.  Mich. Comp. Laws § 445.902(g).

157.    Thus, Microsoft violated the MCPA by:

a.    Representing that the Xbox 360 had characteristics, and/or benefits that they do not have, in that Xbox 360s scratch game discs such that they prevent the discs from functioning properly and, in many cases, scratch the discs so severely as to render them unusable;

b.    Representing that the Xbox 360 are of a particular standard and quality in that they allegedly will not damage game discs, when they do cause such damage;

c.    Causing a probability of confusion and of misunderstanding as to the legal rights, obligations, or remedies of Plaintiff Risk and the rest of the Michigan State Subclass concerning their rights under the Microsoft disc replacement program;

d.    Failing to reveal material facts concerning the propensity of the Xbox 360 to damage game discs, the omission of which mislead and/or deceived Plaintiff Risk and the Michigan State Subclass.  That fact could not reasonably be known by Plaintiff Risk and the Michigan State Subclass when they purchased or otherwise acquired their Xbox 360s; and

e.    Representing that the Xbox 360 could play game discs without damaging them.  The statements of fact were material to the transactions such that Plaintiff Risk and the Michigan State Subclass reasonably believed the represented or suggested state of affairs to be other than it actually was.

AMENDED CLASS ACTION COMPLAINT
(Case No. 11-00722-RSM) - Page - 34

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

158.   Plaintiff Risk and the rest of the members of the Michigan State Subclass justifiably relied upon the unfair and deceptive acts and practices of and by Microsoft in deciding to purchase the Xbox 360.

159.   Plaintiff Risk and all other members of the Michigan State Subclass were exposed to the same or substantially similar misrepresentations by seeing the same sales literature, including internet advertising, and forms and in sales of products bearing the Xbox 360 logo at various stores and on the Internet in Michigan.

160.   Had Plaintiff Risk and the other members of the Michigan State Subclass known that the Xbox 360 defect had the capacity to and, in many cases, did actually damage game discs during normal and expected use, they would not have purchased and/or used the Xbox 360.

161.   As a direct and proximate result of Microsoft's violations of the foregoing laws, Plaintiff Risk and the other members of the Michigan State Subclass have been injured.

162.   The members of the Michigan State Subclass have been damaged and are entitled to all of the damages, remedies, fees, and costs available under the MCPA.

163.   Plaintiff Risk and/or the other members of the Michigan State Subclass will provide or have already provided any required notice to appropriate entities regarding Microsoft's unfair and deceptive trade practices.

## EIGHTH CAUSE OF ACTION

### VIOLATION OF THE NEW YORK CONSUMER PROTECTION

### FROM DECEPTIVE PRACTICES ACT

**(N.Y. Gen. Bus. Law § 349)**

**(Asserted on behalf of the New York State Subclass)**

164.   Plaintiffs re-allege the preceding paragraphs as if set forth fully here.

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

165.    Plaintiff Jesse Bernstein asserts this cause of action on behalf of himself and all other members of the Michigan State Subclass.

166.    The New York Consumer Protection from Deceptive Practices Act is codified at New York General Business Law § 349.

167.    New York General Business Law § 349 provides: "Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful."

168.    Microsoft violated New York General Business Law § 349 by marketing, including labeling, the Xbox 360 in a misleading way regarding facts material to the Xbox 360, and by failing to reveal facts material to the Xbox 360, to Plaintiff Bernstein and the rest of the members of the New York State Subclass.

169.    Microsoft engaged in such deceptive acts and practices and false advertising with the intent to induce Plaintiff Bernstein and the rest of the members of the New York State Subclass to rely on those deceptive acts and practices and false advertising when they decided to purchase and use Xbox 360s.  Microsoft committed those deceptive acts and practices and false advertising during business, trade and commerce.

170.    Plaintiff Bernstein and the rest of the New York State Subclass justifiably acted or relied to their detriment on the representations, concealment and/or non-disclosed facts as evidenced by their purchase and/or use of defective Xbox 360s.

171.    Plaintiff Jesse Bernstein and all other members of the New York State Subclass were exposed to the same misrepresentations by seeing the same sales literature, including internet advertising, and forms and in sales of products bearing the Xbox 360 logo at various stores in New York.

AMENDED CLASS ACTION COMPLAINT
(Case No. 11-00722-RSM) - Page - 36

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

172.    New York General Business Law § 349(h) authorizes "any person who has been injured by reason of any violation of this section [to] bring an action in his own name" to enjoin such unlawful act or practice, or to recover damages, or both.  Plaintiff Jesse Bernstein and the other members of the New York State Subclass are persons authorized by New York General Business Law § 349 to bring this action.

173.    Had Plaintiff Bernstein and the other members of the New York State Subclass known that the Xbox 360 defect had the capacity to and, in many cases, did actually damage game discs during normal and expected use, they would not have purchased and/or used the Xbox 360.

174.    As a direct and proximate result of Microsoft's violations of the foregoing laws, Plaintiff Bernstein and the other members of the New York State Subclass have been injured.

175.    The members of the New York State Subclass have been damaged and are entitled to all of the damages, remedies, fees, and costs available under New York General Business Law § 349.

176.    Plaintiff Bernstein and/or the other members of the New York State Subclass will provide or have already provided any required notice to appropriate entities regarding Microsoft's unfair and deceptive trade practices.

### NINTH CAUSE OF ACTION

### VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT "CPA"

### (Rev. Code Wash. ch. 19.86)

**(Asserted on behalf of the Nationwide Damaged Disc Subclass)**

177.    Plaintiffs re-allege the preceding paragraphs as if set forth fully here.

178.    Plaintiffs assert this cause of action on behalf of themselves and all the rest of the members of the Nationwide Damaged Disc Subclass.  The CPA is codified at Rev. Code Wash.

AMENDED CLASS ACTION COMPLAINT
(Case No. 11-00722-RSM) - Page - 37

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

ch. 19.86. The statute provides consumers with a comprehensive procedure for redressing the violations of applicable law. Accordingly, the conduct at issue in this case falls within the scope of the CPA.

179.    The CPA declares "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce" unlawful. Rev. Code. Wash. § 19.86.020.

180.    The CPA further provides a private right of action to any person "injured in his or her business or property." Rev. Code Wash. § 19.86.090.

181.    Microsoft had a statutory duty to refrain from unfair or deceptive acts or practices in the design, development, promotion, sale and/or manufacture of the Xbox 360.

182.    Microsoft has, in the course of its business, engaged in unfair or deceptive acts or practices by: (1) marketing and selling Xbox 360s with a defect that causes damage to game discs during normal use; and (2) failing to disclose this known defect and risk.

183.    Microsoft's acts or practices have been "injurious to the public interest" because they injured other persons, had the capacity to injure other persons and/or have the capacity to injure other persons. Rev. Code Wash. § 19.86.093.

184.    The facts not disclosed by Microsoft to Plaintiffs and the other members of the Nationwide Damaged Disc Subclass are material facts that a reasonable person would have considered important in deciding whether or not to purchase the Xbox 360.

185.    Plaintiffs and the rest of the members of the Nationwide Damaged Disc Subclass justifiably acted or relied to their detriment on the representations, concealment and/or non-disclosed facts as evidenced by their purchase and/or use of defective Xbox 360s.

AMENDED CLASS ACTION COMPLAINT
(Case No. 11-00722-RSM) - Page - 38

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

186.    Had Plaintiffs and the rest of the members of the Nationwide Damaged Disc Subclass known that the Xbox 360 had the capacity to and, in many cases, did actually damage their valuable game discs, they would not have purchased and/or used the Xbox 360.

187.    Had Microsoft not engaged in the unfair or deceptive conduct described above, Plaintiffs and the rest of the members of the Nationwide Damaged Disc Subclass would not have purchased, paid for, and/or used their Xbox 360s.

188.    Microsoft's unfair or deceptive representations and material omissions to consumers and the public regarding the true nature of the Xbox 360 purchased and used by Plaintiffs and the rest of the members of the Nationwide Damaged Disc Subclass constituted unfair and deceptive acts and practices in violation of Rev. Code Wash. ch. 19.86.

189.    As a direct and proximate result of Microsoft's violations of the CPA, Plaintiffs and the rest of the Nationwide Damaged Disc Subclass have been injured in their property.

190.    Plaintiffs and the rest of the members of the Nationwide Damaged Disc Subclass have been damaged and are entitled to all of the damages, remedies, fees, and costs available under the CPA.  Rev. Code Wash. § 19.86.090.

## TENTH CAUSE OF ACTION

## NEGLIGENCE – DESIGN DEFECT AND FAILURE TO WARN

### (PRODUCTS LIABILITY)

**(Asserted on behalf of the Nationwide Console Class
and the Nationwide Damaged Disc Subclass)**

191.    Plaintiffs re-allege the preceding paragraphs as if set forth fully here.

192.    Plaintiffs assert this common law cause of action on behalf of themselves and all other members of the Nationwide Console Class and the Nationwide Damaged Disc Subclass.

AMENDED CLASS ACTION COMPLAINT
(Case No. 11-00722-RSM) - Page - 39

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

193.    Microsoft designed, manufactured, sold, and/or distributed the Xbox 360 for use in the home by ordinary consumers with no special precautions during installation and use.

194.    The Xbox 360 had the capacity to, and in many cases did, actually damage game discs during normal use when it left the hands of Microsoft.

195.    Microsoft had a duty to exercise reasonable care in the design, manufacture, sale and/or distribution of the Xbox 360, including a duty to ensure that the Xbox 360 did not have the capacity to damage game discs during normal use.

196.    Microsoft failed to exercise reasonable care in the design, manufacture, sale, and/or distribution, of the Xbox 360.

197.    Specifically, Microsoft was negligent in its design, manufacture, testing, inspection, sale and/or distribution of the Xbox 360 in that it:

      a.    Failed to use reasonable care in designing and/or manufacturing the Xbox 360 so as to avoid the harm of damaging game discs during ordinary use;

      b.    Failed to conduct adequate quality testing of the Xbox 360 to determine the safety of the Xbox 360 prior to sale; and

      c.    Failed to accompany the Xbox 360 with proper warnings regarding the possibility of damaged game discs during normal use.

198.    Despite the fact that Microsoft should have known that the Xbox 360 has the capacity to damage—and in many cases has damaged—game discs during normal use, Microsoft continued to market and sell the Xbox 360 to consumers, including Plaintiffs and other members of the Nationwide Console Class and the Nationwide Damaged Disc Subclass.

199.    Microsoft should have known that Plaintiffs and other members of the Nationwide Console Class and the Nationwide Damaged Disc Subclass would foreseeably be put at risk and

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

suffer damaged game discs as a result of Microsoft's failure to warn of the likelihood of damage to game discs during normal use.

200. Microsoft's negligence proximately caused Plaintiffs and other members of the Nationwide Console Class and the Nationwide Damaged Disc Subclass to be injured in that their game discs were damaged by the Xbox 360 during normal use.

201. Plaintiffs do not allege negligence claims based on an injury to the Xbox 360 itself; Plaintiffs' negligence claims relate to injuries to property that they and members of the Nationwide Console Class and the Nationwide Damaged Disc Subclass sustained as a result of the Xbox 360.

## ELEVENTH CAUSE OF ACTION

## STRICT LIABILITY - DESIGN DEFECT AND FAILURE TO WARN

### (PRODUCTS LIABILITY)

**(Asserted on behalf of the Nationwide Console Class
and the Nationwide Damaged Disc Subclass)**

202. Plaintiffs re-allege the preceding paragraphs as if set forth fully here.

203. Plaintiffs assert this common law cause of action on behalf of themselves and all other members of the Nationwide Console Class and the Nationwide Damaged Disc Subclass.

204. Microsoft designed, manufactured, sold and/or distributed Xbox 360s.

205. The Xbox 360s that Microsoft designed, manufactured, sold and/or distributed were defective in design and/or manufacturing. Further, the Xbox 360s were defective when they left the control of Microsoft such that: (1) the foreseeable risks exceeded the benefits associated with the design or manufacturing with same, or (2) they were unreasonably dangerous, more

AMENDED CLASS ACTION COMPLAINT
(Case No. 11-00722-RSM) - Page - 41

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

dangerous than an ordinary consumer would expect, and/or more dangerous than other gaming consoles, including but not limited to the Nintendo Wii and the Sony PlayStation 3.

206.    Microsoft should have known that the Xbox 360 contained a non-obvious danger to game discs during normal use. Moreover, the potential for damaging gamed discs during normal use was a known danger.

207.    Microsoft knew that Plaintiffs and other members of the Nationwide Console Class and the Nationwide Damaged Disc Subclass would use the products without first inspecting them for unreasonably dangerous ODD designs that may cause damage to game discs during normal use. However, Microsoft failed to inform Plaintiffs and other members of the Nationwide Console Class and the Nationwide Damaged Disc Subclass as to the risk of damage to game discs that the Xbox 360's ODD design posed.

208.    The Xbox 360 was expected to and did reach Plaintiffs and other members of the Nationwide Console Class and the Nationwide Damaged Disc Subclass without substantial change in condition.

209.    The Xbox 360s that Microsoft designed, manufactured, sold and/or distributed were defective due to inadequate warning and inadequate inspection and testing, and inadequate reporting regarding the results of quality-control testing and safety inspections, or lack thereof.

210.    Had Plaintiffs and other members of the Nationwide Console Class and the Nationwide Damaged Disc Subclass been warned about the capacity of the Xbox 360s to damage game discs during normal use, they would not have purchased, acquired, or otherwise obtained the Xbox 360s, nor would they have used the Xbox 360s.

AMENDED CLASS ACTION COMPLAINT
(Case No. 11-00722-RSM) - Page - 42

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

211.   As a direct and proximate result of the defective condition of the Xbox 360 as designed, manufactured, sold and/or distributed by Microsoft, Plaintiffs and other members of the Nationwide Console Class and the Nationwide Damaged Disc Subclass have been injured.

212.   Plaintiffs do not allege strict liability claims based on an injury to the Xbox 360 itself; Plaintiffs' strict liability claims relate to injuries that they and members of the Nationwide Console Class and the Nationwide Damaged Disc Subclass sustained as a result of the Xbox 360.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all those similarly situated, pray for judgment against Microsoft as follows:

A.   Determine that this action may be maintained as a class action with respect to a Nationwide Console Class, Nationwide Damaged Disc Subclasses, and with Subclasses corresponding to the several states' laws, pursuant to the appropriate subsections of Rule 23 of the Federal Rules of Civil Procedure; that the Court certify a class action with respect to particular issues if appropriate; that the Court designate and appoint the named Plaintiffs to serve as Class Representatives, designate and appoint the undersigned counsel as Class Counsel, and designate and appoint Chitwood Harley Harnes LLP, Keller Rohrback L.L.P., Kopelowitz Ostrow Ferguson Weiselberg Keechl, Stritmatter Kessler Whelan Coluccio, and Wasserman Comden Casselman & Esensten LLP as Lead Class Counsel;

B.   Require that Microsoft ensure that the Xbox 360's Optical Disc Drive lack the capacity to damage game discs during normal use;

C.   Require Microsoft to submit product testing results on a regular basis to ensure that their products lack the capacity to damage game discs during normal use;

AMENDED CLASS ACTION COMPLAINT
(Case No. 11-00722-RSM) - Page - 43

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

D.      Award damages to Plaintiffs and members of the Class and Subclasses for damage to their game discs;

E.      Award costs to Plaintiffs and members of the Class and Subclasses for reimbursement of the costs of replacement game discs damaged by the Xbox 360 during normal use;

F.      Award damages to Plaintiffs and members of the Class and Subclasses for payments, in whatever form, rendered for their unreasonably dangerous Xbox 360s;

G.      Declare the conduct of Microsoft as alleged herein to be unlawful;

H.      Grant Class and Subclass Members awards of actual, compensatory, treble, punitive and/or exemplary damages in such amount to be determined at trial and as provided by applicable law;

I.      Grant Class and Subclass Members their costs of suit, including reasonable attorneys' fees, costs, and expenses as provided by law;

J.      Grant Class and Subclass Members both pre-judgment and post-judgment interest as provided by law; and

K.      Grant Class and Subclass Members such other, further, and different relief as the nature of the case may require or as may be determined to be just, equitable, and proper by this Court.

DATED this 27th day of June, 2011

KELLER ROHRBACK L.L.P.


By  /s/ Amy Williams-Derry
    Amy Williams-Derry, WSBA #28711
    Mark A. Griffin, WSBA #16296
    KELLER ROHRBACK L.L.P.

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1201 Third Avenue, Suite 3200
Seattle, WA 98101
Telephone:  (206) 623-1900

KOPELOWITZ OSTROW FERGUSON
WEISELBERG KEECHL
  Jeffrey M. Ostrow
  200 S.W. 1st Avenue, 12th Floor
  Fort Lauderdale, FL 33301
  Telephone: (954) 525-4100

CHITWOOD HARLEY HARNES LLP
Gregory E. Keller, WSBA #13040
Darren T. Kaplan
2300 Promenade II
1230 Peachtree Street, N.E.
Atlanta, Georgia 30309
Telephone: (404) 873-3900

WASSERMAN COMDEN CASSELMAN &
ESENSTEN LLP
  Melissa M. Harnett
  Gregory B. Scarlett
  5567 Reseda Blvd, Suite 330
  Tarzana, California 91356
  Telephone: (818) 705-6800
  Facsimile: (818) 996-8266

STRITMATTER KESSLER WHELAN
COLUCCIO
  Paul L. Stritmatter, WSBA # 4532
  Kevin Coluccio, WSBA # 16245
  Brad J. Moore, WSBA # 21802
  200 Second Avenue West
  Seattle, Washington  98119
  Telephone: (206) 448-1777

*Attorneys for Plaintiffs*

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384