UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SETH BAKER, JESSE BERNSTEIN, MATTHEW DANZIG, JAMES JARRETT, NATHAN MARLOW, and MARK RISK, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MICROSOFT CORPORATION, a Washington Corporation,<br><br>Defendant. | CASE NO. 11-cv-00722-RSM<br><br>ORDER ON DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' CLASS ALLEGATIONS |

This matter comes before the Court on Defendant's motion to strike class allegations or, in the alternative, deny certification of Plaintiffs' proposed classes. Dkt. # 14. Having reviewed the motion, Plaintiffs' response, Defendant's reply, and all documents submitted in support thereof, the Court hereby GRANTS Defendant's motion and STRIKES Plaintiffs' class allegations.

ORDER - 1

## II. BACKGROUND

The parties are familiar with the facts and allegations underlying this action, and the Court summarizes them here only in brief. In this putative class action, Plaintiffs claim that a video game console manufactured by Defendant Microsoft – the Xbox 360 – is inherently defective because, when tilted or swiveled, the console gouges the game discs inserted into it, thereby rendering them permanently unplayable. Pursuant to Federal Rule 23, Plaintiffs bring this action individually and on behalf of two classes of people that they claim are similarly situated: (1) all persons in the United States who own Xbox 360 gaming consoles (the "Console Class"); and (2) all persons in the United States who had game discs damaged by their Xbox 360 gaming consoles (the "Damaged Disc Class").[1]

### A. Scratched Disc Litigation

This case is identical in pertinent part to a putative class action previously pursued by Plaintiffs' counsel in which plaintiffs asserted the same claims at issue here on behalf of the same putative classes (hereinafter, the "Scratched Disc Litigation").[2] Following extensive discovery in the Scratched Disc Litigation, Hon. John C. Coughenour entered an order denying class certification. *In re Microsoft Xbox 360 Scratched Disc Litig.*, C07-1121-JCC, 2009 U.S. Dist. LEXIS 109075 (W.D. Wash. Oct. 5, 2009) (hereinafter, the "Certification Denial Order"). Although plaintiffs sought permission to appeal the Certification Denial Order, the Ninth Circuit denied that request. The plaintiffs in the Scratched Disc Litigation subsequently settled their claims on an individual basis.

---

[1] Plaintiffs purport to subdivide the Damaged Disc Class into four subclasses based upon users who reside in California, Illinois, Michigan, and New York.

[2] Although Plaintiffs here have made a handful of changes with respect to the legal claims asserted and proposed class definitions underlying the Scratched Disc Litigation, those changes are not relevant to the Court's analysis.

In the Certification Denial Order, Judge Coughenour cited to the case of *Gable v. Landrover N.A., Inc.*, a putative class action out of the Central District of California. No. CV07-0376, 2008 U.S. Dist. LEXIS 82996 (C.D. Cal. Sept. 29, 2008). Judge Coughenour found that the facts of *Gable* were analogous in pertinent part to those before the court, and that the reasoning underlying that decision was "persuasive." *Id*. at *19.

In *Gable*, the plaintiffs sought to represent a class of consumers who had purchased or leased a certain model of Land Rover. The plaintiffs alleged that all of the vehicles suffered a common manufacturing defect that caused the tires on some of the vehicles to wear out unevenly. On the basis of that alleged defect, the plaintiffs brought claims for violation of Michigan's Consumer Protection Act, breach of the vehicles' limited warranty, breach of a separate warranty applicable to the vehicles' tires, breach of the implied warranty of merchantability, and unjust enrichment.

The *Gable* court denied the plaintiffs' motion for class certification because it concluded that individual issues of damages predominated over common issues. The court based this decision upon evidence that more than half of the proposed class members had not experienced the defect at issue. *Id*. at *9. The *Gable* court also found that individual issues of causation predominated because,

> [w]ithout individual inquiry, there is no way in adjudicating this case to determine whether the need for a particular repair was based on normal wear, a defective original part, a defective after-market part, environmental factors such as weather or road conditions, the presence of foreign objects in the braking system, the failure of parts other than the braking system, poor workmanship by a third party, or individual driving habits.

*Id*. at *11.

After reciting the foregoing portions of the *Gable* opinion, Judge Coughenour determined that individual issues of damages and causation likewise precluded class certification

ORDER - 3

in the Scratched Disc Litigation.  As to the proposed Console Class, Judge Coughenour determined that individual issues of damages predominated because, just as in *Gable*, the alleged defect did not manifest in the majority of Xbox360 consoles sold.  In fact, Judge Coughenour found that the alleged defect actually manifests in less than one percent of Xbox360 consoles sold.  *See* Certification Denial Order, at *20-21.

Judge Coughenour also determined that individual issues of causation predominated as to both proposed classes because, like the situation in *Gable*, factors other than the alleged defect could have caused the damages claimed by the prospective class members.  Judge Coughenour observed, for example, that a class member's dog could have knocked his or her Xbox360 console over while it was in use, or that an overzealous gamer might have unwittingly struck the machine during its operation – either of which could have caused the discs to scratch.  On the basis of those observations, Judge Coughenour found that "[w]hether each user's actions constituted misuse, and whether his or her use/misuse caused the damage, would present individual issues of fact for the jury." *Id.* at *22.

Because he determined that individual issues of damages and causation predominated over common issues, Judge Coughenour held that the plaintiffs could not satisfy the class certification requirements of Federal Rule 23.  As such, Judge Coughenour denied the plaintiffs' class certification motion.

B.      *Wolin v. Jaguar*

Several months after dismissal of the Scratched Disc Litigation, the Ninth Circuit reversed the *Gable* decision cited to by Judge Coughenour.  *Wolin v. Jaguar Land Rover North Am., LLC*, 617 F.3d 1168 (9th Cir. 2010).  According to the Ninth Circuit, the *Gable* court "erred when it concluded, without discussion, that certification is inappropriate because [plaintiffs] did

not prove that the defect manifested in a majority of the class's vehicles." *Id*. at 1173.  As the *Wolin* court noted, "proof of the manifestation of a defect is not a prerequisite to class certification." *Id*. at 1173.

The Ninth Circuit noted, however, that claims based upon the vehicles' tire warranties – hereinafter, the "Tire Warranty Claims" or the "Tire Warranty Class" – "may not be amenable to class treatment" because "[t]ires deteriorate at different rates depending on where and how they are driven." *Id*. at 1174.  As such, the *Wolin* court concluded that "[w]hether each proposed class member's tires wore out, and whether they wore out prematurely and as a result of the alleged alignment defect, are individual causation and injury issues that could make class-wide adjudication inappropriate." *Id*. at 1174.

On remand, the *Gable* court certified classes with respect to all but one of the plaintiffs' claims.  Consistent with the Ninth Circuit's observations in *Wolin*, the *Gable* court declined to certify the Tire Warranty Class because it concluded that individual issues of causation – e.g., driving habits, road conditions, and weather – predominate.  *Gable v. Land Rover North America, Inc.*, CASE NO. SACV 07-0376 AG (RNBx), 2011 U.S. Dist. LEXIS 90774 (C.D. Cal. July 25, 2011).

### C. The Instant Litigation

Plaintiffs initiated this action shortly after the Ninth Circuit's decision in *Wolin*, arguing that its reversal of *Gable* constitutes a change in the law underlying the Certification Denial Order.  As such, Plaintiffs take the position that *Wolin* is binding upon this Court and that the Certification Denial Order is not.  Proceeding from that premise, Plaintiffs assert that they are entitled to maintain the instant litigation notwithstanding the fact that Judge Coughenour has already refused to certify classes that are identical in pertinent part to the ones at issue here.

1    Defendant disagrees, arguing that *Wolin* does not constitute a change in the law and that
2  principles of comity require adherence by this Court to Judge Coughenour's prior ruling.  As
3  such, Defendant asks the Court to strike Plaintiffs' class allegations or, alternatively, to deny
4  class certification on the same grounds set forth in the Certification Denial Order.

## II. DISCUSSION

### A.    Legal Standard

7    For over a century, federal courts have recognized that "[c]omity is not a rule of law, but
8  one of practice, convenience and expediency.  It is something more than mere courtesy, which
9  implies only deference to the opinion of others, since it has a substantial value in securing
10 uniformity of decision, and discouraging repeated litigation of the same question." *Mast, Foos
11 & Co. v. Stover Mfg. Co.*, 177 U.S. 485, 488-489 (1900).

12   The Supreme Court recently addressed the role that comity should play within the class
13 certification context.  In the case of *Smith v. Bayer Corp.*, 131 S. Ct. 2368 (2011), the court
14 acknowledged the "policy concerns" that arise when class counsel makes repeated efforts to
15 certify the same class "'by the simple expedient of changing the named plaintiff in the caption of
16 the complaint.'" *Id*. at 2381 (citation omitted).  Although the *Smith* court held that collateral
17 estoppel principles cannot be used to bind members of putative classes that were never certified,
18 the court expressed its expectation that "federal courts [will] apply principles of comity to each
19 other's class certification decisions when addressing a common dispute." *Id*. at 2382.  As the
20 *Smith* court explained, "our legal system generally relies on principles of stare decisis and comity
21 among courts to mitigate the sometimes substantial costs of similar litigation brought by
22 different plaintiffs." *Id*. at 2381.

Although the *Smith* court gave no specific guidance as to *how* lower courts should apply principles of comity within the class certification context, this comes as little surprise since the application of such principles has long been within the discretion of the court. *See*, *e.g.*, *Church of Scientology v. U.S. Dept. of the Army*, 611 F.2d 738, 749 (9th Cir. 1979); *Barapind v. Reno*, 225 F.3d 1100, 1109 (9th Cir. 2000). A well-known treatise cited by the *Smith* court proposes one approach to applying principles of comity within the class certification context, stating that "a denial of class certification should raise a rebuttable presumption against the same aggregate treatment in another court. The basis for this presumption is not preclusion but, rather, comity." ALI, Principles of the Law Aggregate Litigation, § 2.11, at p. 179 (hereinafter, "ALI § 2.11").

In the absence of any specific guidance from the Ninth Circuit or Supreme Court as to how federal courts should "apply principles of comity to each other's class certification decisions," the Court adopts the approach set forth in ALI § 2.11. As such, the Certification Denial Order gives rise to a rebuttable presumption against aggregate treatment in this action. *Id*. The critical question therefore becomes whether Plaintiffs can rebut that presumption. *Id*.

Plaintiffs assert that the Ninth Circuit's decision in *Wolin* suffices to rebut the presumption because it constitutes a change in the law relied upon by Judge Coughenour. *See* ALI § 2.11 ("[W]hen the basis for the earlier denial . . . is no longer present in a subsequent proceeding . . ., the presumption [against aggregate treatment] would be rebutted."). Defendant takes the opposite position. For the reasons set forth below, the Court concludes that *Wolin* does not rebut the presumption against aggregate treatment as to either of the proposed classes, and the Court therefore employs principles of comity in deferring to the Certification Denial Order.

1     B.    <u>The Damaged Disc Class</u>

2     The Court easily reaches this conclusion with respect to the Damaged Disc Class because

3 the claims its members seek to advance are analogous to the Tire Warranty Claims the *Wolin*

4 court found "may not be amenable to class treatment."

5     Like the Tire Warranty Claims in *Gable*, Judge Coughenour found that the Damaged

6 Disc Class seeks to assert claims for which individual issues of causation predominate. Judge

7 Coughenour reasoned as follows:

> With respect to causation, the *Gable* court left open the possibility that a defective design may have contributed to the premature tire wear. The court simply found that other proximate causes may have conspired to produce that result in different ways in different cases, meaning individual issues of fact predominated. The same is true here: Just as poor parallel-parking skills and under-inflated tires may have caused a pre-existing defect to manifest in different ways, the hypothetical pet dog and guitar hero might have set in motion a chain of causes ending in disc scratching. Even if one link of that chain is a design defect, the other links are unique to each plaintiff and require individual attention. The requirements of individual attention to each plaintiff on issues of law and fact make this case an inappropriate candidate for class-action resolution.

14 Certification Denial Order, at *23-24.

15     Nothing in *Wolin* undermines that analysis. On the contrary, the Ninth Circuit employed

16 a similar line of reasoning to conclude that the Tire Warranty Claims "may not be amenable to

17 class treatment" because, even if the Land Rovers at issue contained a common alignment defect,

18 "[t]ires deteriorate at different rates depending on where and how they are driven." *Wolin*, 617

19 F.3d at 1174. On remand, the *Gable* court declined to certify the Tire Warranty Class for this

20 same reason.

21     The discs at issue in this case are analogous to the tires at issue in *Gable / Wolin* because,

22 as Judge Coughenour recognized, both products may be damaged for any number of reasons that

23 are unrelated to the manufacturing defects alleged by the plaintiffs. On that basis, Judge

1  Coughenour concluded that individual issues of causation rendered class treatment inappropriate
2  as to the Damaged Disc Class.  Because that ruling is perfectly consistent with the Ninth
3  Circuit's holding, the *Wolin* decision does not rebut the presumption against aggregate treatment
4  as to the Damaged Disc Class.

   C.   The Console Class

6  The Court reaches the same conclusion as to the proposed Console Class.  Although
7  Judge Coughenour declined to certify the Console Class because the overwhelming majority of
8  the Xbox360 consoles at issue did not manifest the defect in question (and the owners of those
9  consoles therefore did not sustain any damages), he also found that individual issues of causation
10 rendered class treatment improper.  *See* Certification Denial Order, at *21-24.  As noted above,
11 nothing in *Wolin* undermines Judge Coughenour's causation analysis, which forms an
12 independently sufficient basis for the Certification Denial Order.

13 Plaintiffs argue that, even though the defect at issue does not express itself with respect to
14 the vast majority of Xbox360 consoles, class certification is still appropriate because *all*
15 Xbox360 consoles contain an *inherent defect* and "proof of the manifestation of a defect is not a
16 prerequisite to class certification."  *Wolin*, 617 F.3d at 1173.

17 But this argument misconstrues the pertinent language of *Wolin* and misses the central
18 point of Judge Coughenour's causation analysis.  The *Wolin* court held that manifestation of a
19 defect is not a "prerequisite" to class certification.  In other words, there are some situations in
20 which it might be appropriate for a court to certify a class under Rule 23 even though the product
21 defect at issue has not manifested with respect to all individual class members.  That is not to
22 say, of course, that the existence of a product defect *ipso facto requires* class certification.

1    On the contrary, both before and after the Ninth Circuit's decision in *Wolin*, Rule 23(b)(3) has required federal courts to undertake a "rigorous analysis" of "'whether proposed classes are sufficiently cohesive to warrant adjudication by representation.'" *Stearns v. Ticketmaster Corp*., 655 F.3d 1013, 1019 (9th Cir. 2011) (citations omitted).  That analysis requires district courts to assess, among other things, whether *individual* issues of damages and causation render aggregate treatment inappropriate.

Judge Coughenour conducted such an analysis in the Scratched Disc Litigation and determined that individual issues of causation and damages did, in fact, preclude class treatment. Nowhere in the Certification Denial Order did Judge Coughenour state or imply that manifestation of a defect is a "prerequisite" to class certification.  Instead, he observed that various factors unrelated to the alleged defect "might have set in motion a chain of causes ending in disc scratching."  Certification Denial Order, at *23.  Thus, as Judge Coughenour stated, "*[e]ven if one link of that chain is a design defect, the other links are unique to each plaintiff and require individual attention*."  *Id*. (emphasis added).  In other words, even when taking for granted that all Xbox360 consoles contain an inherent defect, and even when assuming that a number of Xbox360 consoles actually manifested that defect, Judge Coughenour still concluded that individual issues of *causation* preclude class certification.  The portions of the *Wolin* decision on which Plaintiffs rely do nothing to undermine that conclusion, and Plaintiffs have therefore failed to overcome the presumption against aggregate treatment.

It is worth noting that the Ninth Circuit declined to entertain an appeal of the Certification Denial Order at the same time it was considering *Wolin*.  Plaintiffs cannot ask this Court – under the guise of a separate litigation – to step into the shoes of the Ninth Circuit and effectively overrule a fellow member of this court.  Proceeding in such a manner would

undermine well-settled principles of judicial comity. *See Carnegie Nat. Bank v. City of Wolf Point*, 110 F.2d 569, 573 (9th Cir. 1940) ("[T]he various judges who sit in the same court should not attempt to overrule the decisions of each other . . . except for the most cogent reasons.");  *Smith*, 131 S. Ct. at 2382 (expressing an expectation that "federal courts [will] apply principles of comity to each other's class certification decisions when addressing a common dispute").

### III. CONCLUSION

For all of the foregoing reasons, Defendant's motion, Dkt. # 14, is GRANTED and Plaintiffs' class allegations are hereby STRICKEN.

Dated this 27 day of March 2012.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE